# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

REGINA POWELL,
                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
AT-0752-24-0634-I-1

DATE: January 30, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Regina Powell</u>, Atlanta, Georgia, pro se.

<u>Joy Warner</u>, Esquire, Decatur, Georgia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. On petition for review, the appellant states only that she is requesting a petition for review of the initial decision. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the basis for finding that good cause does not excuse the appellant's untimely appeal, we AFFIRM the initial decision.

In the initial decision, the administrative judge properly informed the appellant that she was required to show either that her appeal was timely or that good cause existed for her untimely filing and correctly determined that she failed to meet her burden of showing that her appeal was timely filed. Initial Appeal File (IAF), Tab 31, Initial Decision (ID) at 2-3. He also correctly informed the appellant how she could establish that good cause existed for her untimeliness. ID at 2. Nevertheless, he did not specifically apply the factors the Board has established for determining whether good cause exists for an untimely filing, and so we take the opportunity to do so here in the first instance.

To establish good cause for an untimely appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune

which similarly shows a causal relationship to her inability to timely file her appeal. *Id.*; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd* 79 F.3d 1167 (Fed. Cir. 1996) (Table). If an appellant presents facially credible evidence sufficient to establish a dispute as to material facts regarding the timely filing of her appeal or good cause excusing her late filing, the administrative judge must hold a hearing to resolve the factual dispute. *Stout v. Merit Systems Protection Board*, 389 F.3d 1233, 1241 (Fed. Cir. 2004); *Nelson v. U.S. Postal Service*, 88 M.S.P.R. 331, ¶ 5 (2001).

In arguing that good cause existed for her untimely Board appeal, the appellant alleged that she had not submitted a Board appeal during the filing period because she was not officially notified of the separation decision. IAF, Tab 20 at 4. Nevertheless, in her response to the administrative judge's timeliness order, the appellant acknowledged that in late summer 2017, she was informed by agency Human Resources personnel that the agency was no longer in possession of her personnel file and that she had been mistakenly terminated, and following additional communications with agency personnel and the Office of Personnel Management for "almost or over one and a half years," she finally received a copy of her personnel file "validating the separation personnel action," which included her January 6, 2017 separation decision letter and a Standard Form 50 (SF-50) identifying February 26, 2017, as the effective date of her separation. IAF, Tab 1 at 6, Tab 20 at 4-6, Tab 29 at 7-10. The January 6, 2017 separation decision letter specifically advised the appellant that a decision had been made to separate her from her position and that she had the right to appeal the agency's action to the Board "not later than 30 calendar days after the separation has been effected, or 30 calendar days after the date of [her] receipt of this decision, whichever is later." IAF, Tab 29 at 7-10. Therefore, based on the appellant's admissions, as early as February or March 2019, she had received her personnel file, which included the January 6, 2017 separation decision letter and the SF-50 memorializing her separation, effective February 26, 2017. *Id.* She

subsequently filed her Board appeal challenging her separation on June 3, 2024. IAF, Tab 1.

Applying the previously identified factors for determining whether good cause exists for her untimely filing, we find that the appellant has not shown good cause for her over 5-year delay in filing her Board appeal based on her February or March 2019 receipt of the separation decision letter and the SF-50 documenting her separation from the agency. Although she is proceeding pro se, such a lengthy delay in filing her appeal is significant. *See Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶¶ 3, 8 (2008) (finding a delay of more than 1 month to be significant, notwithstanding the appellant's pro se status); *Dunn v. Department of the Army*, 100 M.S.P.R. 89, ¶ 7 (2005) (finding a delay of 4 years and 11 months to be significant and not minimal). The appellant also has not otherwise offered a persuasive excuse, showed that she acted with diligence, or set forth circumstances beyond her control that affected her ability to comply with the filing deadline. *See Pfeiffer v. Department of the Navy*, 80 M.S.P.R. 179, 183 (1998) (holding that, where a decision clearly states the instructions and deadline for filing, a party's failure to follow the instructions constitutes a failure to exercise due diligence and ordinary prudence), *aff'd*, 230 F.3d 1375 (Fed. Cir. 1999). After considering the entire record in this matter, we conclude that the appellant has failed to establish a dispute as to material facts regarding the timely filing of her appeal or good cause excusing her late filing, and so the administrative judge properly dismissed this appeal without holding a timeliness hearing. Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.